**Charles EVANS, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 02–3597.

United States Court of Appeals, Sixth Circuit.

March 10, 2003.

Before MOORE and GIBBONS, Circuit Judges; and COHN, District Judge.*

*ORDER*

This is an appeal from a district court judgment affirming the Commissioner's decision to deny an application for Social Security disability benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 25, 1996, Charles L. Evans filed an application for disability benefits based on a combination of back impairments and accompanying pain. The administrative law judge ("ALJ") to whom the application was assigned presided over a hearing and concluded that Evans was not entitled to an award of benefits. The Appeals Council adopted the conclusion and recommendation of the ALJ and Evans took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the Commissioner's decision should be affirmed. The district court adopted this recommendation over Evans's objections and this appeal followed.

Evans submitted a rambling, conversational brief on appeal that may best be described as an appeal to this court's sympathy. A generous interpretation of this brief is a general challenge to the quantum of evidence supporting the Commissioner's decision to deny his application for disability benefits. This court will not disturb the factual findings of the Commissioner if they are supported by substantial evidence. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989). Substantial evidence in this context is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir.2001) (citation omitted).

Evans was last employed on April 14, 1993. On that date, Evans was working in a warehouse as a forklift operator when he fell, injuring his right elbow and hip. Evans has since complained of headaches and pain in his back, neck and shoulders and consulted with many health care professionals in an apparently unsuccessful effort to alleviate his problems. His last insured date for Social Security purposes was December 31, 1998.

Evans filed a claim for disability insurance benefits on March 25, 1996. The matter proceeded to a hearing before an ALJ, and a substantial body of medical evidence was offered on the question of Evans's claimed disability owing to alleged physical and mental problems. The ALJ concluded from this evidence that, although Evans could no longer engage in his previous employment, he retained the ability to lift fifty pounds on occasion and that he did not have any sit / stand limitations. The ALJ found that Evans suffered only from a mild psychological impairment resulting in moderate limitations in structuring his social or work environments, and the ALJ discounted Evans's allegations of disabling pain as unsupported by the evidence. The ALJ elicited the opinion of a vocational expert in an effort to determine if an individual with Evans's abilities could perform jobs that were available in sufficient quantity in the economy. The expert, in response to a hypothetical question that accurately characterized the ALJ's view of Evans's physical and mental abilities, opined that the hypothetical person could perform a number of clerical and custodial positions that existed in the economy. The ALJ found that, as Evans retained the ability to perform work that exists in the national economy, he was not disabled. *See, e.g., Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir.2001). The Appeals Council adopted this conclusion and Evans took an appeal to the district court.

The district court referred the matter to a magistrate judge. The magistrate judge recommended, in a thorough, well-reasoned report, that the Commissioner's decision should be affirmed as supported by substantial evidence. The district court

adopted this recommendation over Evans's objections, and Evans filed the present appeal.

Upon review, the judgment of the district court will be affirmed for the reasons set forth in the magistrate judge's report and recommendation dated March 6, 2002, and subsequently adopted by the district court.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.